IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CAROL PAYNE                                                                    PLAINTIFF

V.                                              NO. 3:10CV00133-JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                        DEFENDANT

## ORDER

Pending before the Court is Plaintiff's Motion requesting an award of attorney's

fees and expenses under the Equal Access to Justice Act ("EAJA").[1]  (Docket entry

#16).  The Commissioner has filed a Response.  (Docket entry #18.)

Plaintiff's attorney, Anthony Bartels, requests a total award of $3,523.37

consisting of: (1) 17.40 hours of attorney work in 2010 at the adjusted hourly rate of

$175.00 ($3,045.00); (2) .50 hours of attorney work in 2011 at the adjusted hourly rate

of $181.00 ($90.50); (3) 4.95 hours of paralegal work at the hourly rate of $75.00

($371.25); and (4) $16.62 in expenses for serving Plaintiff's Complaint via certified

mail.  He also requests that the award be made payable to and mailed directly to him

based on an assignment executed by Plaintiff.

The Commissioner does not object to the requested amount of fees.  However,

---

[1]On September 13, 2011, the Court entered a Memorandum Order and Judgment
reversing the Commissioner's decision and remanding this case for further administrative
proceedings.  (Docket entries #14, #15.)

the Commissioner contends that Plaintiff, who was granted *in forma pauperis* status,

is not entitled to reimbursement for the  $16.62 cost of serving the Complaint and

summons via certified mail.

The EAJA expressly allows for the recovery of costs "[e]xcept as otherwise

specifically provided by statute[.]" 28 U.S.C. § 2412(a)(1).  The Commissioner relies

on the statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915(f)(1), which

provides in pertinent part that "[j]udgment may be rendered for costs at the conclusion

of the suit or action as in other proceedings, but the United States shall not be liable

for any of the costs thus incurred."

Some courts have held that § 1915(f)(1) prohibits a social security claimant

proceeding *in forma pauperis* from recovering costs against the United States.  *See,

e.g., Chambers v. Barnhart*, 355 F.3d 1261, 1262-63 (10th Cir. 2004) (prevailing

claimant in social security appeal was denied bill of costs under EAJA due to *in forma

pauperis* status under § 1915(f)(1)).  However, some courts have also held that the

prohibition for "costs," as used in § 1915(f)(1), includes only those items expressly

listed as "costs" under 28 U.S.C. § 1920, distinguishing "expenses" that are not

among the express "costs" listed in § 1920.[2]  *See Torres v. Barnhart*, 2007 WL

---

[2]The statute provides, in pertinent part, that the following items are taxable as costs:

(1) Fees of the clerk and marshal;

1810238, *16 (S.D.N.Y. June 25, 2007) ("items enumerated in 28 U.S.C. § 1920 are 'costs' and not recoverable by an IFP party against the United States; items not enumerated in § 1920 may be considered 'expenses,' delineated separately within § 2412(d)(1), not governed by 28 U.S.C. § 1915(f)(1), and thus recoverable against the United States"). This view is consistent with the practice in the Eastern District of Arkansas. *See Love v. Astrue*, 2012 WL 1205024, *1 (E.D. Ark. Apr. 11, 2012) (following *Torres*); *Jones v. Barnhart*, 2004 WL 2297857, *1-*2 (E.D. Ark. Aug. 30, 2004) (social security claimant proceeding *in forma pauperis* was allowed to recover postage as a reasonable "expense" under the EAJA but not allowed photocopying costs because they are expressly listed as "costs" in 28 U.S.C. § 1920(4)); *see also Kelly v. Bowen*, 862 F.2d 1333, 1335-36 (8th Cir. 1988) (reasonable expenses under the EAJA include telephone, postage, and travel expenses).

Based on the foregoing, the Court concludes that Plaintiff's request for certified

---

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

mail reimbursement is a reasonable "expense" under the EAJA.

Finally, the Commissioner objects to an EAJA award made payable to Plaintiff's counsel. Pursuant to the United States Supreme Court's holding in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), an award of EAJA fees belongs to the prevailing party, not that party's lawyer. Nonetheless, the Commissioner proposes mailing Plaintiff's check to the care of Plaintiff's counsel. Consistent with that procedure, the Court will award Plaintiff her attorney's fees pursuant to the EAJA.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Award of Attorney's Fees and Expenses Under the EAJA (docket entry #16) is GRANTED, IN PART, AND DENIED, IN PART.

IT IS FURTHER ORDERED that Plaintiff is awarded $3,523.27 in attorney's fees and expenses under the EAJA.

DATED this 8th day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE